IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER ALLEN JONES, : | CIVIL ACTION | |
| Plaintiff, : | | |
| : | | |
| v. : | | |
| : | | |
| THERESA DELBALSO, *et al.*, : | NO. 17-4390 | FILED |
| Defendants. : | | NOV -9 2017 |

MEMORANDUM

KATE BARKMAN, Clerk
By_____Dep. Clerk

**TUCKER, J.**                                                                                                                      NOVEMBER 13, 2017

Christopher Allen Jones, a State prisoner currently incarcerated at SCI Mahanoy in Frackville, Pennsylvania, brings this civil action pursuant to 42 U.S.C. § 1983 against Superintendent Theresa Delbalso, Records Supervisor John Wiekrykas, Clerk of Court James P. Troutman, District Attorney Ellen West, Chief of Litigation A. Taylor Williams, Pennsylvania Department of Corrections Secretary John E. Wetzel, Chief Counsel Filosky, Magistrate Judge James Tupper, Senior Deputy Attorney General Kelly Sekula, Berks County Prison Warden George Wagner, and Records Supervisors John Doe and Jane Doe. Jones raises claims related to his criminal convictions from various counties and the calculation of his sentence. For the following reasons, the Court will grant Jones leave to proceed *in forma pauperis*, dismiss his Complaint, and provide leave to file an amended complaint.

**I. FACTS[1]**

In 1992, in the Philadelphia Court of Common Pleas, Jones was sentenced to ten (10) to twenty (20) years of incarceration for aggravated assault. (ECF No. 1-3 at 17.) In 1995, while Jones was incarcerated at SCI Dallas, correctional officers found that he was in possession of

---

[1] The Court takes these facts from Jones's Complaint, the exhibits attached to the Complaint, and public dockets from Jones's criminal proceedings.

1

marijuana. (*Id.* at 20.) On October 17, 1995, Magistrate James Tupper sentenced Jones to five days of incarceration, to run consecutively, for possession of marijuana. (*Id.* at 18.)

In 2003, Jones was serving the remainder of his sentence at the ADAPPT facility in Reading, Pennsylvania. (*Id.* at 2.) The ADAPPT facility is a halfway house "that monitors persons assigned there who are part of the Pennsylvania Department of Corrections." (*Id.*) On Aril 21, 2003, Jones escaped from the ADAPPT facility. (*Id.*) Before he was apprehended, Jones committed several sex offenses. *See generally Commonwealth v. Jones*, CP-06-CR-0003296-2003 (Berks Cty. Common Pleas). He pled guilty to two (2) counts of involuntary deviate sexual intercourse with a person less than thirteen (13) years old and was sentenced to seven (7) to fourteen (14) years of incarceration, to run concurrently with no credit issued. *See id.*; (ECF No. 1-3 at 1, 8, 14.) Jones was also found guilty of escape and sentenced to six (6) months to two (2) years of incarceration. (ECF No. 1-3 at 14.) According to a sentence status summary prepared by the Department of Corrections, Jones's controlling minimum date was May 28, 2011, and his controlling maximum date is May 28, 2018. (*Id.*) His sentences for aggravated assault and possession of marijuana "maxed out on" November 25, 2011. (*Id.* at 1.) His sentence for escape "maxed out on" May 28, 2006. (*Id.*)

While Jones's Complaint is not a model of clarity, Jones's exhibits clarify that he is arguing (1) that his two involuntary deviate sexual intercourse convictions have been vacated and that he is being held illegally, and (2) that his sentence have been incorrectly calculated. (*See* Compl. at 7-10.) As relief, Jones seeks monetary damages as well as correction of his records concerning his convictions and sentence. (*Id.* at 9.)

2

## II. STANDARD OF REVIEW

The Court will grant Jones leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees required to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Furthermore, the Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Jones is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

As noted above, Jones appears to contend that his two convictions for involuntary deviate sexual intercourse have been or should be vacated and that he is being held illegally. However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, to the extent that Jones seeks for his convictions to be vacated, this attempt must be pursued in a petition for a writ of *habeas corpus* rather than a civil rights action.

3

Moreover, to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)); *Royal v. Durison*, 254 F. App'x 163, 165-66 (3d Cir. 2007) (concluding that *Heck* barred plaintiff's § 1983 claim challenging defendants' failure to properly investigate his allegations that time served had been improperly calculated); *Hinkley v. Leigh Cty. Clerk of Courts*, No. 11-1164, 2012 WL 1057452, at *3 (E.D. Pa. Mar. 29, 2012) (concluding that plaintiff's claims challenging alleged errors in the computation of his sentence were not yet cognizable under § 1983 because plaintiff's attempts at invalidating his sentences had not yet been successful).

The docket for Jones's criminal proceedings indicates that his convictions for involuntary deviate sexual intercourse have not been reversed, expunged, or otherwise invalidated. Likewise, Jones's exhibits indicate that he has not yet been successful in challenging the calculation of his sentence. Accordingly, any claims alleging unconstitutional conviction or imprisonment are not currently cognizable under § 1983. In other words, Jones cannot raise claims challenging the constitutionality of any aspect of the legal proceedings leading to his

convictions, or the failure of the state courts to vacate those convictions. That is so regardless of whether *habeas* relief is still available to plaintiff. *See Williams v. Consovoy*, 453 F.3d 173, 179 (3d Cir. 2006). Therefore, the Court will dismiss any such claims without prejudice to Jones filing a new complaint only in the event that his convictions are ever vacated or that he is successful in challenging the calculation of his sentence.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Jones's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Jones will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.